UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DAVID FAJARDO-NUGRA, | Civil Action No. 26-975 (ZNQ) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Luis David Fajardo-Nugra's petition for a writ of habeas corpus. (ECF No. 1.) Following an order to answer, the Government filed a letter response. (ECF No. 4.) This Court thereafter directed the Government to address Petitioner's entitlement to release (ECF No. 5), to which the Government has responded. (ECF No. 6.) For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Ecuador who first entered the United States in 2009. (ECF No. 1 at 10-11.) Petitioner was apparently removed from the United States and thereafter returned without being admitted or paroled.[1] (*Id.* at 11.) Petitioner lived in the United States for a number of years before he was arrested by immigration authorities on January 17, 2026. (*Id.*) Petitioner has remained detained since that time without a bond hearing. (*Id.*) Petitioner contends that his continued detention in this matter is unlawful.

---

[1] The Government does not contend in this matter that Petitioner is subject to a reinstated order of removal based on these occurrences in 2009. As such, this Court need not and does not address whether Petitioner may be lawfully detained under 8 U.S.C. § 1231(a) should a prior removal order be reinstated.

1

In responding to Petitioner's habeas petition the Government argues that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF No. 4.) The Government acknowledges, however, that Courts in this District have repeatedly rejected the contention that 8 U.S.C. § 1225(b)(2) provides for the authority to detain aliens who have resided within the United States for a considerable period simply because they were not admitted or paroled after inspection at the border. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). The Government likewise acknowledges that Petitioner falls within the class of people covered by those prior rulings. As it is clear that Petitioner falls within the class of people which this Court has previously held cannot be subject to detention under 8 U.S.C. § 1225(b)(2) as he has resided in the United States for several years after entry with inspection, his continued detention under that statute is unlawful. *Valerio*, 2025 WL 3251445, at *3. Petitioner's habeas petition must therefore be granted.

In light of the Government's concession that this matter is not distinguishable from prior cases such as *Valerio*, this Court ordered the Government to address Petitioner's entitlement to release. (ECF No. 5.) In response, the Government argues that this Court should only order a bond hearing as it is clear that Petitioner could be detained pursuant to 28 U.S.C. § 1226(a), under which he would be entitled to a bond hearing rather than outright release. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to

2

detention under 8 U.S.C. § 1226(a), the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him the bond hearing to which he is entitled under that statute.

It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's recent actions in immigration proceedings and the Government's continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government shall be ordered to release Petitioner from custody immediately.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. An order consistent with this Memorandum Opinion will be entered.

Date: March 2, 2026

                                                                                       s/ Zahid N. Quraishi
                                                         **ZAHID N. QURAISHI**
                                                         **UNITED STATES DISTRICT JUDGE**